JUNE O'TIER, Respondent, *v.* WALTER SELL, Appellant,
Impleaded with Others.

(Argued November 18, 1929; decided January 7, 1930.)

*Charles E. Spencer* for appellant. Substituted service upon the appellant was not authorized by section 285-a of the Highway Law and the court has not obtained jurisdiction by the service of the summons as made herein. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Harkness* v. *Hyde*, 98 U. S. 476; *Wilson* v. *Seligman*, 144 U. S. 41; *Goldey* v. *Morning News*, 156 U. S. 518; *Baker* v. *Baker, Eccles & Co.*, 242 U. S. 394.) The language of section 285-a expressly limits jurisdiction by substituted service to cases of accidents or collisions occurring while the non-resident is operating the motor vehicle. The appellant was not operating his automobile at the time of the accident within the meaning of the provisions of section 285-a. (*Witherstine* v. *Employers' Liability Assurance Corp.*, 235 N. Y. 168.) When the Legislature enacted section 285-a as an amendment to the Highway Law it must be deemed to have intended that the word " operate " should have the same meaning in that section as in other parts of the Highway Law and in accordance with the construction given by this court. (*Orinoco Realty Co.* v. *Bandler*, 233 N. Y. 24; *Matter of Cole*, 235 N. Y. 48.)

*Irving H. Lessen* for respondent. The intention of the Legislature in the passage of section 285-a of the Highway Law was to give the courts jurisdiction of a non-resident whose motor vehicle was involved in a collision on the highways of this State as a result of its operation by himself or with his express or implied consent. (*Farmers Bank* v. *Hale*, 59 N. Y. 53; *People ex rel. 23d St. R. R. Co.* v. *Commissioner of Taxes*, 95 N. Y. 555; *People ex rel. Peake* v. *Supervisors*, 43 N. Y. 130; *People ex rel. Jackson* v. *Potter*, 47 N. Y. 379.) The operation of the motor

vehicle by the non-resident in this case conferred juris-
diction on the courts of this State by service of the sum-
mons in the manner provided by section 285-a of the
Highway Law. (*Plaumbo* v. *Ryan*, 213 App. Div. 517.)

LEHMAN, J. The complaint alleges that the plaintiff
was injured in the county of Onondaga, State of New
York, in a collision with an automobile owned by the
defendant Sell and operated by Karl R. Trevor, an
employee of the H. H. Franklin Manufacturing Company.
The defendant Sell is a resident of Pennsylvania. In an
action against a non-resident " growing out of any
accident or collision in which such non-resident may be
involved while *operating* a motor vehicle " on a public
highway, the summons may be served in accordance
with the provisions of section 285-a of the Highway Law
(now section 52 of the Vehicle and Traffic Law; Cons.
Laws, ch. 71) by leaving a copy with the Secretary of
State. The plaintiff served the summons and complaint
in that manner, and the defendant Sell moved to set aside
that service on the ground that he was not " operating "
the motor vehicle at the time of the accident.

It appears from the affidavits submitted upon the
motion that Sell, an employee of the Franklin Company,
drove his automobile to Syracuse to attend a convention
of the employees of the company. While there Sell took
his car to the factory of the Franklin Company and
stated that he was having some trouble with the car.
Trevor and Sell drove the car for an hour and a half;
then Sell left the car at the factory with Trevor and
Trevor stated " that he would proceed immediately to
find out what the trouble with said automobile was and
repair the same and that he would report to Walter
Sell." The accident occurred the next day while Trevor
was driving the car for the purpose of finding the
" trouble." Sell was not at that time in the car.

Under the common law of this State the owner of a

motor vehicle was responsible for injuries caused by his own negligence or the negligence of his agent in the operation of the vehicle. If the automobile was not being operated by the owner personally or through an agent, the owner was not responsible for the negligence of the operator. Section 282-e of the Highway Law (now section 59 of the Vehicle and Traffic Law) extended the owner's responsibility to include negligence of a third party who operated a motor vehicle with the owner's permission. Perhaps under the new statute the defendant Sell is responsible for the negligence of the operator of the car at the time of the accident. The operator was not Sell's agent, but we assume for the present, without considering the correctness of the assumption, that Trevor was then operating the car with Sell's permission within the meaning of the statute. In order to enforce the statutory liability, personal service within the State must be made upon the defendant Sell, unless the statute otherwise provides. The statute does provide for constructive service upon a non-resident in an action "growing out of any accident or collision in which such nonresident may be involved" while operating a motor car. We are asked by construction to read into the words " while operating a motor vehicle " an additional clause " or while the car is being operated with his permission, express or implied." That we may not do.

We have said that " the word ' operate ' is used throughout the statute [Highway Law] as signifying a personal act in working the mechanism of the car. The driver operates the car for the owner, but the owner does not operate the car unless he drives it himself. If the meaning were extended to include an owner acting either by himself or by agents or employees, the provisions of the Highway Law would be replete with repetitious jargon." (*Witherstine* v. *Employers Liability Assur. Corp.*, 235 N. Y. 168.) In that case construction of the statute was merely ancillary to construction of an insurance policy.

Section 285-a was not at that time part of the statute, but what the court then said must have indicated to the Legislature the significance which the court would probably attach to the use of the word " operate " in any amendment to the statute.

We do not overlook the fact that in the meanwhile the Legislature by section 282-e of the Highway Law had enlarged the responsibility of the owner of a motor vehicle to cover injuries caused by the negligence of a person operating the vehicle with the owner's permission. In that section certainly the Legislature used the word " operate " as signifying " a personal act." If the Legislature had intended that operation with the permission of a non-resident owner of a motor vehicle on a public highway shall subject the non-resident to suit without personal service within the State, it could have used apt language to indicate its purpose. It has not done so. On the contrary, it has used language which excludes such a construction. If its language is construed in accordance with its ordinary significance, the statute is not unconstitutional. (*Hess* v. *Palowski*, 274 U. S. 352.) We are not called upon to determine whether it would be constitutional if given other construction.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division. The questions certified should be answered in the negative.

POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CARDOZO, Ch. J., not sitting.

Ordered accordingly.