HUCKLE v. MT. FOREST RABBITRIES.

1. PROCESS—FOREIGN CORPORATIONS—SERVICE ON SECRETARY OF STATE—INTENT OF STATUTE.
   In action against foreign corporation, service of process on secretary of State made outside of his office was not proper service, under 3 Comp. Laws 1929, §§ 14094, 14095, 14097; intent of statute (section 14097) being that service be made in official's office.

2. SAME—SERVICE OUTSIDE COUNTY—STATUTES.
   Where service on foreign corporation was void, service on other defendants outside county, being dependent thereon, was also void (3 Comp. Laws 1929, § 14090).

Error to Superior Court of Grand Rapids; Verdier (Leonard D.), J. Submitted January 16, 1931. (Docket No. 95, Calendar No. 35,432.) Decided February 27, 1931.

Assumpsit by Elizabeth P. Huckle, individually and as administratrix of her husband's estate, against Mt. Forest Rabbitries, a Michigan corporation, Mt. Forest Fur Farms of America, a Delaware corporation, and others. From an order to dismiss, plaintiff brings error. Affirmed.

*Charles G. Turner* and *Smith & Searl,* for plaintiff.

*Sempliner, Dewey, Stanton & Bushnell (William H. Messinger* and *Arthur F. Neef,* of counsel), for defendants.

SHARPE, J. The summons issued herein was served upon the defendant Mt. Forest Fur Farms, a Delaware corporation, by delivery of a copy thereof

to John S. Haggerty, the then secretary of State of the State of Michigan, at the city of Grand Rapids, in said State. Thereafter service was had upon the Mt. Forest Rabbitries, a Michigan corporation, by delivery of a copy to Milton S. Bangs, its president, and upon Mr. Bangs personally, at the city of Detroit.

The defendants moved to dismiss; the Mt. Forest Fur Farms for the reason that the delivery to the secretary of State was not made in his office at the capitol in the city of Lansing, and the other defendants because they had not been served in the county of Kent. These motions were granted and the action dismissed. Plaintiff seeks review by writ of error.

Act No. 206, Pub. Acts 1901, as amended by Act No. 310, Pub. Acts 1907 (2 Comp. Laws 1915, § 9063 *et seq.*) prescribed the terms and conditions under which foreign corporations might be admitted to do business in this State. The first section required the corporation to file "evidence of appointment of an agent in this State to accept service of process on behalf of said corporation." Section 10, added by Act No. 3, Ex. Sess. 1907 (2 Comp. Laws 1915, § 9072), provided that—

"Service of process may also be made upon any officer or agent of such corporation in this State, or service may be made upon the secretary of State, who shall immediately notify the corporation thus served, by mailing notice thereof and a copy of such process to its address. There shall be paid to the secretary of State at the time of such service a fee of five dollars, which sum may be taxed as costs to the plaintiff in case he prevails in the proceeding."

The purpose of this section is apparent. It obviated the necessity of finding an officer or agent

of the company or the person appointed by it to accept service.

These provisions were superseded by the following sections of the judicature act (Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1929, § 13522 *et seq.*):

"14094  Foreign corporations; service on officer or agent. SEC. 31.  In all cases where suit is brought against a foreign corporation, process may be served upon any officer or agent of such corporation within this State, and any person, representing such corporation in any capacity, shall be deemed an agent within the meaning of this section.  If such corporation has a legally designated agent or attorney in this State, appointed in pursuance of statute for that purpose, service of process may also be made upon such agent or attorney. * * *

"14095  Same; service on secretary of State, fee. SEC. 32.  In all cases of foreign corporations, which have paid a franchise fee to the secretary of State, and been admitted by him to do business in this State, in addition to the other methods of service of process herein provided, service of process may also be made upon the secretary of State.  There shall be paid to the secretary of State at the time of such service a fee of three dollars, which sum may be taxed as costs to the plaintiff, in case he prevails in the proceedings.

"14097  Service on State officer; duplicate service by registered mail. SEC. 34.  In all cases where process is served upon the commissioner of insurance, secretary of State, or any other State officer as such agent, such service shall be made in duplicate upon such officer, or his deputy, or in their absence, upon the person in charge of his office; and one of the duplicate copies so served shall forthwith be forwarded by registered mail, postage prepaid, and directed to the secretary or corresponding officer of the defendant."

The purpose of section 14097 is also, we think, apparent. Section 4790 of the 1929 compilation provides for service on the secretary of State in an action against a nonresident owner or operator of a motor vehicle; section 9787 provides for service upon nonresidents in certain cases by service upon the chairman of the securities commission; section 9821, for service in certain cases upon the commissioner of the State bank department; section 12233, for service upon certain foreign investment companies by service upon the secretary of State; and section 14096 for service upon insurance companies in certain cases by service upon the commissioner of insurance. It was doubtless made to appear to the members of the legislature that much inconvenience resulted from the requirement that service must be had upon these officials personally, and so provision was made that such service might also be made upon their deputies "or in their absence" upon the person in charge of their office.

In our opinion section 14097 clearly indicates an intent that service should be made in the office of the official so that one of the duplicate copies may be there filed and a record made of the forwarding of the other duplicate "by registered mail, postage prepaid" to the proper officer of the corporation. If service may be made upon the secretary of State outside of his office, it may also be so made upon his deputy, and yet the statute provides that it may be made only "upon the person in charge of his office" in the event of "their absence" therefrom. Section 14095 provides that at the time of such service a fee of three dollars shall be paid to the secretary of State. Of this an entry must be made in his books, and the moneys so received deposited in the State treasury. When a fee is required by law to be paid

to an official for services to be performed by him in his office, it should be there paid to him, and not on the street or in any other place that he may be found. A contrary holding will, in many cases, be likely to result in confusion, and in some cases, doubtless, in an unintentional neglect of duty on his part.

It follows from what has been said that proper service was not made on the Delaware corporation. The right to serve the other defendants outside the county of Kent being dependent thereon (3 Comp. Laws 1929, § 14090), the order of dismissal as to all of them is affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, POTTER, NORTH, and FEAD, JJ., concurred.