No. 4244

Second Circuit

(Second Division)

———

DAY v. BUSH ET AL.

———

(January 14, 1932. Opinion and Decree.)
(February 16, 1932. Rehearing Refused.)
(February 29, 1932. Writs of Certiorari and
Review Refused by Supreme Court.)

———

Irion & Switzer and Thos. M. Comegys,
Jr., of Shreveport, attorneys for plaintiff,
appellant.

Jackson & Smith, of Shreveport, attorneys for defendants, appellees.

Argued before DREW, CULPEPPER and
TALIAFERRO, JJ.

TALIAFERRO, J. Plaintiff alleges that
the defendant E. J. Bush is a non-resident
of the state of Louisiana, and that his

agent and/or employee, J. A. Woods, a resident of Caddo parish, La., while operating an automobile, owned by said Bush, negligently and carelessly, in the city of Shreveport, La., ran into her car and caused damage and injury to her, for which she sues both of them. She predicates her right to sue Bush in the district court of Caddo parish upon Act No. 86 of 1928, which is as follows:

"An Act providing for civil process against non-residents in cases arising out of the operation of motor vehicles within the State of Louisiana.

"Section 1. Be it enacted by the Legislature of Louisiana, That the acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the State of Louisiana, or the operation by a non-resident or his authorized chauffeur of a motor vehicle on the said highway other than under said laws, shall be deemed equivalent to an appointment by such non-resident of the Secretary of the State of Louisiana, or his successor in office, to be his true and lawful attorney for service of process, upon whom may be served all lawful processes in any action or proceeding against said non-resident growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle on such highways, or while same is operated by his authorized chauffeur; and said acceptance or operation of said vehicle shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally.

"Section 2. The service of such process shall be made by serving a copy of the petition and citation on the Secretary of State, or his successor in office, and such service shall be sufficient service upon said non-resident; provided that notice of such service, together with a copy of the petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or are actually delivered to the said defendant, and defendant's return receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be entered against said non-resident. The Court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

Service was made on Bush in the manner provided in the act, and he appeared, through counsel, and excepted to the jurisdiction of the court, rationae personae. Service could not be made on Woods and he is not before the court now. The exception was sustained and the suit dismissed. Plaintiff appealed.

Plaintiff alleges that J. A. Woods, at the time of the accident, was engaged in the sale of tobacco and other commodities for defendant Bush, and acting within the scope of his employment and/or agency.

It is not alleged that Bush has ever been in the state of Louisiana, nor that Woods was to any extent under his control or direction at time of the alleged accident. It is not even alleged that Woods was the chauffeur of Bush when the accident occurred. The nature of Woods' engagement to Bush is not mentioned beyond the bare allegation that he sold "tobacco and other articles" for him.

We are called upon to interpret the Act of 1928 in the light of the facts of this case, as alleged by plaintiff, and particularly the word "chauffeur" contained therein.

To hold that the district court of Caddo parish has jurisdiction to hear and determine the merits of this suit against Bush is to hold that every non-resident who has an agent, employee, or other person engaged to him by employment in this state, who travels in the employer's automobile

on the public highways in the pursuit of his business, may be impleaded in the courts of the state and forced to appear therein, in any suit growing out of a collision involving said car while operated by said agent or employee. We do not believe the Legislature intended to reach such a case in adopting said act. It does not necessarily follow that because an agent or employee of one person has to operate an automobile to discharge his duties that by so doing he becomes the principal's chauffeur. The word "chauffeur," as employed in this act, means the hired operator of the non-resident's automobile, and cannot be extended to include a salesman who operates the principal's car while performing the duties of his employment.

"Words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words." C. C., art. 14.

It seems to us it would be a far-fetched construction of the word "chauffeur" to hold that Woods sustained that relationship to Bush. Certainly, as commonly understood, Woods would not have been referred to as a chauffeur of Bush. In referring to one person as chauffeur of another, instantly there arises the thought of close relationship between the two, a relationship akin to master and servant, one of respondeat superior. As Bush lived in the state of New York and Woods was a resident of Louisiana, their relationship, under the facts of the case, repels the idea of the latter being the chauffeur of the former.

A careful consideration of the act of 1928, in the light of conditions prevailing in the country with respect to improved highways and rapid transportation, impresses us with the conclusion that it was primarily the legislative intent to vest jurisdiction in our courts of actions arising under the act against non-residents temporarily using the highways with their automobiles operated by them, or by their authorized chauffeurs. It is the act of driving on the state's highways by the non-resident or his authorized chauffeur that gives jurisdiction to our courts in cases of collision or accident.

The Legislature, by paragraph (X), section 2, Act No. 296 of 1928, has defined clearly who are chauffeurs within the meaning of that statute; it being as follows:

" 'Chauffeurs or Operators.' Any person who operates a motor vehicle in the transportation of persons or property and who receives any compensation for such services in wages, commissions or otherwise, paid directly or indirectly or who as owner or employee operates a motor vehicle carrying passengers or property for hire."

Of course, it is well known the Legislature had in mind, in adopting this definition, that class of operators who drive jitneys in the cities and towns for hire, and did not have in view the other class of chauffeurs who drive the cars of private persons for a salary or other compensation, and it was to this latter class of chauffeurs that Act No. 86 of 1928 relates.

Statutes of this kind are in derogation of common right and must be strictly construed. They cannot be extended by implication so as to include persons not coming within their terms. Ketteringham v. Eureka Homestead Soc., 140 La. 176, 72 So. 916.

The word "chauffeur" has a restrictive, as well as a general, meaning. As used in Act No. 86 of 1928 we think it was intended in the restrictive sense.

We have not found that our own courts have had occasion to construe or define the word "chauffeur" as employed in the 1928 act. The following quotation from Com. v. Cooper, 37 Pa. Co. Ct. R. 277, 282, 285, cited in footnote, 11 C. J. 747, is apropos of the question, to-wit:

"The accepted meaning of the word 'chauffeur' in every state where the term is used in a motor vehicle statute is a paid operator or employee, and includes in it the idea of compensation for the operation of the vehicle. In some of the states, such as Massachusetts, New Hampshire, Vermont, the clear distinction is made between the license of an 'operator' and the license of a 'chauffeur' and in other states, such as Connecticut, Rhode Island, District of Columbia, Delaware and Maine, where the law provides that all operators shall be licensed, the word 'chauffeur' is not used at all in the statutes, but the more inclusive word 'operator' is used. * * * As far as the automobile industry and users of motor vehicles are concerned, it would only be by a strained and unnatural construction and foreign to the accepted usage that the term 'chauffeur' could be made to include operators other than employees for hire. The 'National Association of Automobile Manufacturers' and the 'American Automobile Association' use the word 'chauffeur' to mean 'an operator for hire,' and the word, as we believe we have shown, has always been used in that sense in dealing with motor vehicle legislation."

As stated in the foregoing quotation "it would only be by a strained and unnatural construction and foreign to the accepted usage that the term 'chauffeur' could be made to include operators other than employees for hire."

In our opinion the ruling of the district judge on the exception to his jurisdiction is correct, and the judgment appealed from is affirmed.