GLENNA JOSEPHSON, BY PHILIP JOSEPHSON, HER NEXT FRIEND, PLAINTIFF, v. DANIEL SIEGEL, SOMETIMES CALLED DAVID SIEGEL, AND DOLLY FRUITS PRODUCTS CORPORATION, A CORPORATION, ET AL., DEFENDANTS.

Submitted February 6, 1933—Decided April 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff, *Samuel Rosenfeld.*

For the defendants Dolly Fruit Products Corporation and I. Lefkowitz & Sons, Incorporated, *Lionel P. Kristeller.*

The opinion of the court was delivered by

CASE, J. Plaintiff's action is to recover for personal injuries in being struck, on July 9th, 1931, in the city of Paterson, by an automobile registered in the State of New Jersey by, and in the name of, Daniel Siegel, sometimes called David Siegel, as owner, and bearing 1931 New Jersey registration license No. U38025.

The complaint contains three counts, the first charging that Siegel was the owner and operator of the car, the second charging that Dolly Fruit Products Corporation was the owner and that Siegel was, as its agent and servant, the operator, and the third charging that I. Lefkowitz & Sons, Incorporated, a corporation, was the owner and that Siegel was, as its agent and servant, the operator. The two corporations were of the State of New York, with no place of business in New Jersey, and plaintiff undertook to bring them into court by service of summons and complaint upon the commissioner of motor vehicles of this state. The complaint purports to justify that form of service under *Pamph. L.* 1924, *ch.* 232, *p.* 517, and its amendments and supplements, particularly *Pamph. L.* 1927, *ch.* 232, *p.* 441. However, as the legality of service depends upon the statute and not upon the allegations of the complaint in this respect, we assume, as indeed the plaintiff admits, that the character of service resorted to could have its justification only in *Pamph. L.* 1930, *ch.* 69, *p.* 295, which provides that "any chauffeur, operator or owner of any motor vehicle not licensed under the laws of the State of New Jersey providing for the registration and licensing of motor vehicles, who shall accept the privilege extended to non-resident chauffeurs, operators and owners by law of driving such a motor vehicle or of having the same driven or operated in the State of New Jersey, without a New Jersey registration or license, shall, by such acceptance and the operation of such automobile within the State of New Jersey, make and constitute the commissioner of motor vehicles of the State of New Jersey, his, her, or their agent for the acceptance of process in any civil suit or proceeding by any resident of the State of New Jersey against such chauffeur, operator or the owner of such motor vehicle, arising out of or by reason of any accident or collision occurring within the state * * *."

The corporate defendants appear specially and move to vacate the service of summons and complaint upon the ground that neither of the defendants was, at the time alleged or at any time, the owner of the automobile referred to. Under

rule specially granted depositions were taken, and the undisputed proof before us is that the owner of the car was Siegel, in whose name the car was registered in accordance with the laws of this state, and that neither the Dolly Fruit Products Corporation nor the Lefkowitz company was the owner or operator of the car. Counsel for plaintiff, on his brief, suggests that the automobile is in fact the property of the corporations and that he will prove this to the satisfaction of the jury at the time of the trial; but that begs the question which is whether the defendants are properly in court and should be put to a defense. The question of defective service of summons was formerly raised either by a plea in abatement (*Pedrick* v. *Shaw*, 2 *N. J. L.* 54; *Schenck* v. *Schenck*, 10 *Id.* 274), or on motion (*Halsey* v. *Stewart*, 4 *Id.* 366) ; now necessarily, pleas in abatement being abolished, by motion, evidence necessary to determine the question being taken by depositions or as the court may direct, Supreme Court rule 56. *Missell* v. *Hayes*, 86 *Id.* 348. The court is in control of its process, and the question of whether or not legal service has been made upon a defendant is now before us for determination.

Essential prerequisites to the validity of the attempted service upon either of the corporate defendants through the commissioner of motor vehicles were that the corporation so attempted to be served was a chauffeur, operator or owner of a motor vehicle involved in the litigation and that the motor vehicle was not registered under the laws of this state. Neither of the corporate defendants was a chauffeur, operator or owner of the automobile. The automobile was lawfully registered. Therefore the corporations were not within the classification of persons upon whom that character of service might be made. Whether Siegel was a licensed driver is a question not presented by either the pleadings, proofs or arguments. The inference is that he was, but that is not material upon any issue presented.

It follows that the service was defective and should be vacated and set aside, with costs.