## BROWN *v.* CLEVELAND TRACTOR CO.

1. STATUTES— CONSTRUCTION—MOTOR VEHICLES—PROCESS—SUBSTITUTED SERVICE.

   Statute providing for substituted service of process against nonresident owners and operators of motor vehicles being in derogation of common right, must be strictly construed and cannot be extended to include persons not within its terms (1 Comp. Laws 1929, § 4790).

2. MOTOR VEHICLES—CORPORATIONS—PROCESS—SUBSTITUTED SERVICE.

   Nonresident foreign corporation, which hired a tractor service mechanic to travel in this and other states and paid him seven cents a mile as expense money when using his own car, was not operator of said car so that substituted service might be had upon it in action by plaintiff for injuries sustained as result of collision with said car in this State (1 Comp. Laws 1929, § 4790).

3. CORPORATIONS—PROCESS—SERVICE ON LOCAL DEALER.

   Foreign corporation's local dealer who bought tractors from it but who established no legal relation between his customer and corporation, although he called upon latter to service the tractors he sold, was not its agent for service of process under 3 Comp. Laws 1929, § 14094, providing for service upon corporation's agent ''representing such corporation in any capacity.''

   WEADOCK, J., dissenting.

Appeal from Delta; Bell (Frank A.), J. Submitted October 6, 1933. (Docket No. 69, Calendar No. 37,294.) Decided December 19, 1933.

Case by William Brown against Cleveland Tractor Company, an Ohio corporation, and another for damages alleged to be due to defendants' negligence in the operation of a motor vehicle. On motion to dismiss by defendant corporation. From order for plaintiff, defendant corporation appeals. Reversed.

*Yelland & Yelland,* for plaintiff.

· *Thomas J. Rushton, H. J. Rushton* and *Kerr, Lacey & Scroggie,* for defendant corporation.

WEADOCK, J. (*dissenting*).  The plaintiff and appellee began a suit by summons against defendant and appellant, Cleveland Tractor Company, of Cleveland, Ohio, a corporation which was selling tractors for road work in Michigan, having a "distributor" in Michigan.

It employed Charles H. Wilt as a "traveling service supervisor calling on distributors to instruct the distributors' organization in the service and maintaining of tractors" and he carried cards, as the defendant knew, showing he was "a service representative of the Cleveland Tractor Company."

Plaintiff's suit was for personal injury to himself and also injury to his automobile caused by Wilt who was driving his own car for the use of which defendant paid him in the service of the company, in discharge of his duties.

Wilt was operating a car of defendant as aforesaid and in its service in Alger county, on a public highway.  The summons was served on defendant pursuant to 1 Comp. Laws 1929, § 4790, by service on the secretary of State and was also served on Marcus S. McNabb, who defendant calls its "distributor," and provides in its written contract with him that:

"Nothing herein shall be construed as constituting the distributor the agent or the legal representative of the company."

The defendant appeared specially by attorneys and moved to dismiss the suit because there was no legal service of process.

After due hearing the circuit court denied the motion and defendant appealed. This court in *Huckle* v. *Mt. Forest Rabbitries,* 253 Mich. 441, 443, cited the statute that "any person representing such (foreign) corporation in any capacity shall be deemed an agent within the meaning of this section." 3 Comp. Laws 1929, § 14094.

The decision of the circuit court should be affirmed, with costs.

Fead, J. I cannot concur in the opinion of Mr. Justice Weadock.

Defendant is an Ohio corporation, manufacturing and selling tractors. Charles H. Wilt was its service mechanic, employed by it to travel in several States and make needed repairs and adjustments on tractors. Wilt was under orders of the company but could travel by train or his own automobile at his pleasure and, when using his own car, he was allowed seven cents a mile as expense money.

The action is brought for damages resulting from a collision between Wilt's car, while driven by him on defendant's business, and plaintiff's car. Service was made on both Wilt and defendant under 1 Comp. Laws 1929, § 4790, and also on defendant through an alleged agent in Michigan, Marcus S. McNabb. No personal service of process was made within the State of Michigan on defendant, or on Wilt individually, or on Wilt as agent of defendant under 3 Comp. Laws 1929, § 14094. Defendant reviews denial of motion to set aside the service on it.

The title and relevant portion of section 4790 read:

"An act to provide for the service of process in civil actions upon nonresident operators or non-

resident owners of motor vehicles operated upon the highways of this State under certain conditions.

"Section 1. From and after the effective date of this act, the operation by a nonresident of a motor vehicle upon a public highway of this State shall be deemed equivalent to an appointment by such non-resident of the secretary of State to be his true and lawful attorney, upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway. Such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall have the same legal force and validity as if served on him personally within this State."

It is conceded that all the requirements of the statute for service were complied with. The question is whether defendant was "operating" Wilt's car at the time of the accident.

The statute is in derogation of common right, must be strictly construed, and cannot be extended by implication to include persons not coming within its terms. *Day* v. *Bush,* 18 La. App. 682 (139 South. 42); *Morrow* v. *Asher,* 55 Fed. (2d) 365.

The words "operation" and "operating" may mean many things. The other motor statutes do not aid us because they employ the words as meaning acts of the owner or of the driver, according to the context. However, neither by statute, 1 Comp. Laws 1929, §§ 4632(c), 4658(c), 4693(m), nor at common law, was defendant the owner of the Wilt car.

Nearly all the States have adopted acts for substituted service on nonresident motorists (82 A. L. R. 769), and, of course, the statutes differ. The

quoted portion of our act is identical with the New York law so we may assume it was taken therefrom.

The question is not before us whether the statute would permit substituted service on a nonresident corporation conducting a bus or truck service or the like, operated under direct supervision and ordered routes (*Bessan* v. *Public Service Co-ordinated Transport,* 135 Misc. Rep. 368 [237 N. Y. Supp. 689]; *Poti* v. *New England Road Machinery Co.,* 83 N. H. 232 [140 Atl. 587]); nor, indeed, on any nonresident corporation owner of a car driven by its servant (*Bischoff* v. *Schnepp,* 139 Misc. Rep. 293 [249 N. Y. Supp. 49]).

In New York it is settled that a nonresident individual whose car is driven with his consent, but not by his servant, is not subject to the substituted service because the word "operate" signifies "a personal act in working the mechanism of the car." *O'Tier* v. *Sell,* 252 N. Y. 400 (169 N. E. 624); *Jones* v. *Newman,* 135 Misc. Rep. 473 (239 N. Y. Supp. 265); *Zurich, etc., Co.* v. *Brooklyn, etc., Corp.,* 137 Misc. Rep. 65 (241 N. Y. Supp. 465); *Gesell* v. *Wells,* 229 App. Div. 11 (240 N. Y. Supp. 628). And in *Wallace* v. *Smith,* 238 App. Div. 599 (265 N. Y. Supp. 253), a case in point, it was held that a foreign corporation, not the owner of the car, is not subject to the statutory service where the car was driven by its agent who owned the car. The court said:

"The law permitting service by the means suggested may be proper in certain cases. If it is to be extended so that it will cover a case of this character, it may be subject to very great abuse. A person or corporation which is neither the owner nor operator of a car may be called to some distant State to defend a personal injury action on the

allegation that some person operating a car in that State was doing so as the agent for such person or corporation. The statute was never intended for any such purpose."

In *Josephson* v. *Siegel,* 110 N. J. Law, 374 (165 Atl. 869), also in point, a similar ruling was made, and in *Morrow* v. *Asher, supra,* and in *Day* v. *Bush, supra,* it was held that an individual nonresident owner is not subject to the substituted service, although his car was being driven by his employee.

It is desirable that statutes for substituted service on motorists shall have uniformity of construction, as far as their language will permit, that people may cross State lines with knowledge of their liabilities and rights. The construction by other courts, in cases similar in fact or principle, is in accord with the language and purpose of our act. The substituted service on defendant was not authorized.

Was McNabb an agent of defendant or "representing such corporation in any capacity," 3 Comp. Laws 1929, § 14094, upon whom process could be served to bind defendant?

McNabb was a local dealer. He had a contract with defendant, called a "distributor's agreement." Under it he was given the right to purchase tractors and parts for resale in certain designated territory, became liable to pay for them, became the owner on payment, and sold them to his customers under such arrangement as he pleased. The contract was very similar to that in *Barnes* v. *Maxwell Motor Sales Corp.,* 172 Ky. 409 (189 S. W. 444, Ann. Cas. 1917 E, 578), in which it was held the dealer was not an agent.

The only hint at agency is that, when trouble developed with a tractor and McNabb was notified,

he informed defendant and the latter sent a service man to remedy the difficulty. The contract, however, required McNabb to service the tractors. Defendant agreed with him to fulfill warranties. McNabb established no legal relation between his customer and defendant. The record shows no agency.

Reversed, with costs.

McDONALD, C. J., and POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred with FEAD, J.