## DONNELLY v CARPENTER

Ohio Appeals, 5th Dist, Delaware Co

Decided Oct 31, 1936

W. A. Walter, for appellant.
Hamilton, Kramer & Wiles, Columbus, for appellee.

## OPINION

By SHERICK, J.

This appeal presents the sole question whether the trial court erroneously sustained the defendant's motion to quash the service of summons made in this cause.

The appellant, Wallace Donnelly, and the appellee's decedent, John C. Carpenter, a non-resident of this state and a resident of Illinois, and the owner and operator of an automobile, participated in an automobile collision in Delaware County. Both cars were damaged, and as a result of the accident John C. Carpenter died. Thereafter the appellant commenced this action for damages in Delaware County against the deceased's personal representative, Laura E. Carpenter, appellee. Service of summons was requested and had under the non-resident motor vehicle act, §§6308-1 to 6308-5, GC, inclusive.

We quote the first two sections, which are pertinent to the immediate inquiry:

"Sec 6308-1 GC. Any non-resident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to non resident operators and owners, of operating a motor vehicle, or of having the same operated, within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a non-resident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle with the state of Ohio, make and constitute the secretary of state of the State of Ohio his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the State of Ohio against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved.

"Sec 6308-2 GC. Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin County, who may be deputized for such purposes by the officers to whom the service is directed, upon the secretary of state of the State of Ohio, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof, with an endorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

Upon the authority of **Gorey v Black, 100 Oh St 73, 125 NE 126,** the appellant maintains that these statutes providing for substituted service upon non-residents are remedial in character and must be liberally construed. When Gorey v Black is examined it is found that the court had under consideration §6308, GC. This section has to do with the bringing of automobile damage actions in the county wherein the accident occurred. It contemplates personal service upon defendants in any other county of the state. It does not attempt to authorize service upon a resident of a sister state. The court in the course of its opinion, at page 78, points out that "§6308 GC is simply an additional provision as to venue."

It is true that the sections under consideration pertain to venue and are in part remedial. It must, however, be quickly perceived that these sections contemplate a broader scope in that they make a resident of another state amenable to our laws. That is, non-residents using our highways subject themselves to the jurisdiction of our courts. The sections, therefore, to those who are non-residents, are highly jurisdictional in character as the need must be to avoid conflict with the constitutional provision of "due process of law"; and, being jurisdictional in their major aspect to those whom the state would subject to its laws, they should and must be strictly construed.

The Supreme Court of the United States in Wuchter v Pizzutti, 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446, 57 A.L.R. 1230, had under consideration a like statute of the state of New Jersey. It is said therein at page 21, that:

"When a petition cannot legally be served on a defendant, the court can exercise no jurisdiction over him. The service defines the court's jurisdiction."

In 9 Blashfield Cyclopedia of Automobile Law and Practice, §5914, the author has this to say at page 107:

"Such statutes must be strictly constru-

ed, since they are in derogation of the common law, and strict compliance with the provisions thereof is jurisdictional."

It will be found that this quotation finds ample support in Syracuse Trust Co. v Keller, 35 Del. 304, 165 A. 327; Brown v Cleveland Tractor Co., 265 Mich. 475, 251 NW 557; Schilling v Oldebak, 177 Minn. 90, 224 NW 694; State v Grimm, 192 Wis. 601, 213 NW 475; Day v Bush, 18 La. App. 682, 139 So. 42; and Morrow v Asher, 55 F. (2d) 365.

Wuchter v Puzzutti, supra, is of further interest when our statute is construed. It is therein held that: "A state statute which provides that in actions by residents of the State against non-residents for personal injuries resulting from the operation by the latter of their motor vehicles on the state highways, service of summons may be made on the Secretary of State, as their agent, and which contains no further provision making it reasonably probable that notice of such service will be communicated to the defendants, is lacking in due process."

A reading of our §6308-2, GC, discloses that our Legislature complied with that mandate. It provided not only that the secretary of state was to receive service, but that he was to notify the non-resident by registered mail, and that the return card was to be attached to and become a part of the service of process. And when this section is read in conjunction with the one immediately preceding §6308-1, GC, it becomes apparent that notice was to be given to living persons, that is, to "operators and owners." A line of cases may be found, of which Wallace v Smith, 238 App. Div. 599, 265 N. Y. S. 254; O'Tier v Sell, 252 N. Y. 400, 169 NE 624; and Witherstine v Employers' Liability Assur. Corp., 235 N. Y. 168, 139 NE 229, are examples, wherein employers were sought to be sued for an act of their agents who were driving their own cars. It was held that the statutes, similar to our own, were not sufficiently broad to include suits against principals for agents' acts when driving their own cars; for, as held, use of the word "operate" was intended to mean a personal act. This line of authorities is mentioned solely to illustrate the rule of construction that jurisdictional statutes may not be enlarged by implication so as to confer jurisdiction over others not enumerated in the act.

The theory upon which substituted service is held to be within "due process," and therefore permissible, lies in the fact that when one uses the highways of another state he thereby impliedly makes the officers named in the statute his agent to accept service for him, and in his stead, in suits growing out of accidents in which his car was involved. It is clear from our statutes that we have adopted the theory of agency. Such being true, we are confronted with the well recognized rule that death ordinarily terminates agency unless it be coupled with an interest.

It will be perceived that our statutes do not contain the provision that service of process may be made upon the personal representative of a deceased operator or owner; neither is it written that any such appointment shall be irrevocable and binding upon those who represent his estate. The appellant, upon the mistaken theory of liberal interpretation, would have this court write into the statutes that which is not there. This we may not do. The sections must be strictly construed.

Although Ohio courts have not heretofore passed upon this question, authority is not lacking in other jurisdictions. The Supreme Court of Wisconsin in State ex Ledin v Davidson, 216 Wis. 216, 256 NW 718, has so held. The same conclusion is reached in New Jersey, in Lepre v Real Estate-Land Title Trust Co., 11 N. J. Misc. 887, 168 A. 858; Boyd v Lemmerman, 11 N. J. Misc. 701, 168 A. 47, and Young v Potter Title & Trust Co., 114 N. J. L. 561, 178 A. 177. North Carolina also subscribes to this view; see Dowling v Winters, 208 N. C. 521, 181 SE 751.

It is the judgment of this court that the trial court did not err in sustaining the appellee's motion to quash the service of process. The judgment entered is affirmed.

Judgment affirmed.

LEMERT, PJ, and MONTGOMERY, J, concur.