## Ethyle Jones et al., Appellants, v. Edwin C. Pebler et al., Appellees.

## Gen. No. 9,306.

Opinion filed August 16, 1938.

GUY C. GUERINE, of Melrose Park, and LESLIE J. SMITH, JR., of Chicago, for appellants; GUY C. GUERINE, of counsel.

HADLEY & WEAVER, of Wheaton, for appellees; HARRY G. WEAVER, of counsel.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

The determination of the question presented for decision here requires a construction of sec. 20a of

ch. 95½, Ill. Rev. Stat. 1937 [§ 23; Jones Ill. Stats. Ann. 85.023].

The amended complaint was filed in the circuit court of DuPage county on October 4, 1937 and among other things charged that Edwin C. Pebler was in possession and control of an automobile which he was driving for and on behalf of John H. Cownie and J. M. Schiltz, doing business as J. H. Cownie Company, and for and on behalf of J. H. Cownie Company, a corporation, as their agent, servant or employee; that said Pebler was proceeding in a westerly direction on Roosevelt road in Glen Ellyn; that the plaintiffs were riding in an automobile owned by Ethyle Jones which was being driven by Frederick W. Jones in an easterly direction at the same time and at the same place, that due to the negligence or wilful and wanton misconduct of the defendants, as set forth in the amended complaint, the plaintiffs were injured and sustained damages. Summons was issued to the sheriff of Sangamon county and service in accordance with the provisions of said sec. 20a, ch. 95½, Ill. Rev. Stat. 1937 [§ 23; Jones Ill. Stats. Ann. 85.023] was had upon the nonresident defendants, John H. Cownie and J. M. Schiltz, doing business as J. H. Cownie Company, and J. H. Cownie Company, a corporation, by filing true copies of the summons with Edward J. Hughes, Secretary of State of the State of Illinois and complying with the provisions of said section of the statute. The trial court, upon motion of these defendants, quashed the summons and service as to them and dismissed the amended complaint and the plaintiffs prosecute this appeal.

It is the contention of appellants that a nonresident corporation is, or the members of a partnership are amenable to the provisions of this section of the Motor Vehicle Act if such corporation is or such individuals are operating an automobile upon the highways of this State by a servant, agent or employee. Appellees insist, and the trial court held that the act applies only

to individuals who are in the actual possession of and driving an automobile over the highways of the State, and that a nonresident employer is not amenable to the provisions of the statute when the automobile is in the possession and control of and being driven by an agent, servant or employee of such nonresident employer. Counsel for appellees also insist that the record does not disclose that notice of such service upon the Secretary of State was had or that a copy of the process so served was sent by registered mail by the plaintiffs to the defendants at the last known residence of the defendants, nor does the record show that there is appended to the summons plaintiffs' affidavit of compliance.

Sec. 20a, ch. 95½, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 85.023] provides in part as follows: ''The use and operation by a nonresident of a motor vehicle over the highways of the State of Illinois, shall be deemed an appointment by such non-resident of the Secretary of State, to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, and said use or operation shall be a signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally. Service of such process shall be made by serving a copy upon the Secretary of State, or by filing such copy in his office, together with a bond conditioned on the failure of the plaintiff to prevail in the action in the sum of five hundred dollars with sureties to be approved by the Secretary of State, for the purpose of reimbursing the defendant for the expense necessarily incurred by him in coming to this State to defend the action, and a fee of two dollars, and such service shall be sufficient service upon the said non-resident; if notice of such

service and a copy of the process are, within ten days thereafter, sent by registered mail by the pliantiff to the defendant, at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith is appended to the summons.''

In *O'Tier v. Sell*, 252 N. Y. 400, 169 N. E. 624, the plaintiff brought suit in New York against Walter Sell and others to recover damages sustained by reason of injuries received in an automobile collision with an automobile owned by Sell and operated by Karl R. Trevor. Sell resided in Pennsylvania and the New York statute at that time provided that in an action against a nonresident growing out of any accident or collision in which the nonresident may be involved while operating a motor vehicle on a public highway of that State, the summons may be served on the Secretary of State. Sell moved the trial court to set aside the service on the ground that he was not operating the motor vehicle at the time of the collision. It appeared from the affidavits filed in support of said motion that Trevor and Sell were both employees of the Franklin Manufacturing Company of Syracuse, New York, that Sell drove his car to Syracuse to attend a convention of employees of the Franklin Company, that while there he was having some car trouble and drove it to the factory of the company and left it with Trevor to be repaired, who, the following day, was driving it, with the consent of Sell, for the purpose of finding the trouble. The collision occurred while Trevor was so driving the car and Sell was not present at the time. Under the New York statute, Sell was liable to the plaintiff for the negligence of Trevor if Trevor, at the time of the collision was operating the car with Sell's permission. In its opinion, the court assumed Trevor was so operating Sell's car but held that the word ''operate'' as used in the New York highway law signified a personal act in working the mechanism of

the car and in the course of its opinion, the court quoted from *Witherstine v. Employers Liability Assur. Corp.*, 235 N. Y. 168, where it was said: "The driver operates the car for the owner but the owner does not operate the car unless he drives it himself. If the meaning were extended to include an owner acting either by himself or by agents or employees, the provisions of the Highway Law would be replete with repetitious jargon."

*Brown v. Cleveland Tractor Co.*, 265 Mich. 475, 251 N. W. 557 was an action brought to recover damages for injuries received by the plaintiff as a result of a collision on a public highway in Alger county, Michigan, between his car and a car belonging to Chas. H. Wilt, who was employed by the defendant to travel in Michigan and make needed repairs and adjustments on tractors manufactured by defendant. It appeared that Wilt, at the time of the accident, was under orders of the defendant and using his own car but receiving from the company seven cents per mile travelled for the use thereof as expense money. The Michigan statute at that time provided: "From and after the effective date of this act, the operation by a non-resident of a motor vehicle upon a public highway of this state shall be deemed equivalent to an appointment by such non-resident of the secretary of state to be his true and lawful attorney, upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such highway. Such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall have the same legal force and validity as if served on him personally within this state."

In holding that the defendant was not an operator of the Wilt car within the meaning of this statute, the

court said that the statute was in derogation of common right and must be strictly construed and cannot be extended to include persons not coming within its terms; that the words "operation" and "operating" may mean many things; that other motor statutes were of no assistance because they employ the words as meaning acts of the owner of the driver, according to context; that nearly all the States have adopted acts for substituted service on nonresident motorists and that they differ, but the Michigan act is identical with the New York law and the court therefore assumed it was taken therefrom. The opinion then cited *O'Tier v. Sell, supra,* and a number of other New York cases, among them *Wallace v. Smith,* 238 App. Div. 599 (265 N. Y. Supp. 253) where it was held that a foreign corporation, not the owner of the car, was not subject to the statutory service where the car was driven by the agent who owned the car and quoted from that opinion as follows: "The law permitting service by the means suggested may be necessary in certain cases. . . . If it is to be extended so that it will cover a case of this character, it may be subject to great abuse! A person or corporation which is neither the owner nor operator of a car may be called to some distant state to defend a personal injury action on the allegation that a person operating a car in that state was doing so as the agent for the person or corporation. . . . The statute was never intended for any such purpose." After citing *Josephson v. Siegel,* 110 N. J. L. 374, 165 Atl. 869; *Morrow v. Asher,* 55 F. (2d) 365 and *Day v. Bush,* 18 La. App. 682, 139 So. 42, the court said: "It is desirable that statutes for substituted service on motorists shall have uniformity of construction, as far as their language will permit, that people may cross state lines with knowledge of their liabilities and rights. The construction by other courts, in cases simliar in fact or principle, is in accord with the language and purpose

of our act. The substituted service on defendant was not authorized.''

In *Flynn v. Kramer*, 271 Mich. 500, 261 N. W. 77, the court adhered to and reaffirmed the *Brown* case, *supra*, and held that a nonresident individual owner of an automobile who was not driving, nor a passenger, in his car which was involved in an accident, but a passenger in another car following at some distance was not an operator within the meaning of the Michigan statute.

In *Morrow v. Asher*, 55 F. (2d) 365, the court construed a Texas statute with reference to service on nonresidents who operate motor vehicles on the highways of that State. The Texas statute is substantially the same as the New York, Michigan and Illinois statute and the court in its opinion cited cases from California, Iowa, New York and Texas and concluded: ''Differ as we may about the scope of the word 'operate,' there is highly respectable authority, both in dictionary and in court decisions, to the effect, as already shown, that operation means the actual handling of the machinery. . . . It follows that the motion to quash the service must be sustained.''

Counsel for appellants concede that these decisions are adverse to their contentions but argue that the courts which came to these conclusions strictly construed the provisions of these statutes, while counsel insist that our statute should be liberally construed, that it was passed as a matter of public policy and convenience for the benefit of the residents of this State and to construe it in a narrow or restricted sense would be unjust to the citizens of this State. In the course of a very interesting and comprehensive article, on nonresident motorists, appearing in the January, 1934 issue of the Michigan Law Review (Vol. 32, No. 3) the author states that the class of nonresidents affected by the statutes in the 35 States which, at that time, author-

ized the commencement of a suit against a nonresident motorist by substituted service on a public official of the State where the cause of action arose is not uniform. That usually (among them Illinois and Michigan) the statute fixed responsibility upon the owner. "If strict construction is applied," continues the author at page 345, "liability under such statutes is confined to personal operation by the nonresident owner. Some statutes impose liability upon the owner for operation by his agent or servant (among them Connecticut, Delaware, Iowa, Indiana, Maine, Mass.); others apply to operation by the nonresident operator, owners or chauffeur; and still another class fixes liability upon the owner or anyone operating with the owner's permission. There should be no question about the liability of the owner for the act of another person driving by his authority or permission. Jurisdiction of suits against nonresident motorists is grounded upon the policy of securing compensation for injuries to local residents. This policy is equally applicable whether the driving is done by the owner, or the agent, chauffeur, servant or a third person with consent. The potential harm is as great whether the nonresident owner himself or another be driving his car, and the necessity for resorting to substituted service is just as pressing. There is, however, a tendency to construe the word 'operate' in the statutes to apply to the personal acts of the owner, and not to acts of servants or employees where the statute does not plainly require this application. . . . A Maryland statute goes further than most statutes in that it specifically confers authority to serve not only nonresident individuals but also firms and corporations. There is every reason for jurisdiction over nonresident firms and foreign corporations which exist relative to the nonresident individual, and it seems that jurisdic-

tion over firms and corporations is properly maintained."

Under our statute the use and operation of an automobile over the highways of the State serves automatically to appoint the Secretary of State to receive service of process and said use or operation is stated to be a consent that such substituted service shall have the same force and validity as personal service. As stated in *Fitzgerald v. First Nat. Bank,* 272 Ill. App. 570, at page 579, constructive service upon a nonresident is contrary to the common law or, as said in *Brown v. Cleveland Tractor Co., supra,* such service is in derogation of common right. It is purely statutory and the provisions of the statute should be construed very strictly and should not be extended by implication to include persons not clearly coming within its terms. If the legislature of this State had intended the words "Use and operation" or the words "use or operation" to include the nonresident owner, who was not present and who was not personally engaged in the use and operation of his car at the time when such use or operation resulted in damage or loss to the person or property of another, it could easily have used apt language to indicate its purpose. This statute has been the law of this State since 1929. It has never been amended. It is substantially the same as the original New York Act and the Michigan Act both adopted by those States previous to the time our statute was adopted. It is significant that after the decision of the highest courts of New York and Michigan construing their statutes in the *O'Tier* and *Brown* cases, the legislatures of those States amended their statutes but the legislature of Illinois did not see fit to do so. Under the authorities and applying settled rules of construction to the provisions of this statute we are clearly of the opinion that liability thereunder is confined to personal operation of a motor vehicle by a nonresident

owner and the action of the trial court in so holding and in quashing the summons and service and in dismissing the amended complaint was correct.

We might add that the record here does not disclose any affidavit of compliance appended to the summons as required by the statute. For the reasons herein stated, the judgment appealed from will be affirmed.

*Judgment affirmed.*