## WILLIAM MARTIN v. WILLIAM P. CONDON.

Decided July 14, 1925.

**Motor Vehicles—Non-residents—Service of Summons—Act of 1924 Providing That Motor Vehicle Owners or Operators From Other States, Not Licensed Here, in Accepting Privileges Extended Non-resident Owners Thereby Constitute Secretary of State Their Agent For Acceptance of Summons, Constitutional—State Has Power to Establish Reasonable Regulations Where Roads are Used by Motor Vehicles.**

This is a motion to set aside the service of a summons and complaint.

For the plaintiff, *William C. French.*

For the defendant, *Walter S. Keown.*

The opinion of the court was delivered by

CAMPBELL, J. The defendant, a resident of Philadelphia, Pennsylvania, was, on August 1st, 1924, operating an automobile on the White Horse pike, in Atlantic county, this state, and while so operating a collision took place between plaintiff's and defendant's automobiles, whereby plaintiff claims to have been damaged as the result of alleged negligence of the defendant.

The suit was started March 19th, 1925, in this court, with the venue in Atlantic county.

On March 20th, 1925, service of the summons and complaint was made on the secretary of state of New Jersey, who, on March 21st, forwarded the same, by registered mail, to defendant at his residence in Philadelphia.

Such service was made by authority of the statute. *Pamph. L.* 1924, *p.* 517.

That act provides, *inter alia*, that "* * * any operator or owner of a motor vehicle, not licensed under the laws of

the State of New Jersey, * * * who shall accept the privilege extended to non-resident * * * operators and owners by law of driving such motor vehicle, or of having the same driven or operated in the State of New Jersey, without a New Jersey registration or license, shall by such acceptance and operation of such automobile within the State of New Jersey make and constitute the secretary of state of the State of New Jersey, his, her or their agent, for the acceptance of process in any civil suit or proceeding by any resident of the State of New Jersey against such * * * operator or owner of such motor vehicle arising out of or by reason of any accident or collision occurring within the state in which a motor vehicle operated by such chauffeur or operator or such motor vehicle is involved."

Two grounds are urged for setting aside the service—

1. Because such service is not valid, in that it attempts to bring a non-resident defendant to the courts of this state to answer to an action *in personum* by process which is not served personally upon the defendant, but which was sent to him by mail.

2. Because the act authorizing such service is unconstitutional and void, in that it contravenes and is repugnant to article 14, section 1 of the United States constitution.

I am of the opinion that neither of these grounds is legally substantial.

I am drawn to the argument that, in permitting the use of its highways by motor vehicles, the state has power to establish reasonable requirements as a condition precedent to such right of use, and that it is not an unreasonable requirement to make provision for the jurisdiction of its courts over non-resident as well as resident users in cases of accident resulting from negligence in such use.

This, in the main, seems to find support in *Kane* v. *New Jersey*, 242 *U. S.* 160.

My attention has been brought to the case of *Pawloski* v. *Hess*, 144 *N. E. Rep.* 760, which seems to me to be entirely logical. It arose under a Massachusetts statute very similar to ours. Therein it is said—

"It appears to be a difference immaterial to its constitutional aspects that the statute thereunder consideration (*Kane* v. *New Jersey, supra*) required the execution of a formal power of attorney to the state officer as a prerequisite to the use of the motor vehicle on the highway, while the statute here attacked provides that the actual voluntary driving of the motor vehicle on the highway shall be deemed to have the effect of a formal appointment of a designated public officer as agent of the driver. When the law clothes an intentional and intelligent act with specific consequences, then the doing of that act commonly entails those consequences."

The application to set aside the service is denied, with costs.