MICHAEL PIZZUTTI, RESPONDENT, v. JAMES W. WUCHTER, APPELLANT.

Argued May 20, 1926—Decided October 18, 1926.

P. was driving a team of horses attached to a wagon on a public highway in this state. W., a resident of Pennsylvania, was driving his automobile in the same direction on said highway. W. drove his car so it crashed into the rear of P.'s wagon, injuring P., damaging his wagon, and injuring his horses. P. instituted suit against W. in the Supreme Court. W. was served with process under the provisions of the act known as chapter 232 of the laws of 1924 (*Pamph. L.* 1924, *p.* 517). W. interposed no defense. Judgment interlocutory was taken against him. A writ of inquiry was issued. Notice of its proposed execution was served personally upon W. in Pennsylvania. W. did not appear. Judgment final was entered. W. then appealed to this court, contending that the said act under which process was served upon him was unconstitutional because it deprived him of his property without due process of law in contravention of the rights guaranteed him by section 1 of the fourteenth amendment to the federal constitution, and by section 2 of article 4 of the same document. *Held,* that chapter 232 of the laws of 1924 (*Pamph. L.* 1924, *p.* 517) is constitutional.

On appeal from the Supreme Court.

For the appellant, *McDermott, Enright & Carpenter* (*James D. Carpenter, Jr.,* of counsel).

For the respondent, *Jacob R. Mantel.*

The opinion of the court was delivered by

KATZENBACH, J.    This is an appeal from a judgment of the Supreme Court.  The appellant was the defendant

below. The cause of action arose out of a collision between vehicles owned and operated at the time of the accident by the plaintiff and defendant. On September 17th, 1925, Michael Pizzutti, the plaintiff below (hereinafter referred to as the plaintiff), was driving a team of horses on a public highway in the township of Millburn, in Essex county. James W. Wuchter, the defendant below (hereinafter referred to as the defendant), was driving an automobile in the same direction as the plaintiff was driving. The automobile approached the rear of the plaintiff's wagon, and as claimed by the plaintiff, was so negligently operated that it crashed into the rear of the plaintiff's wagon, injuring the plaintiff, damaging the wagon and harness, and injuring the horses. The plaintiff resided in Union county. The defendant was a resident of Allentown, Pennsylvania. The plaintiff instituted an action in the Supreme Court against the defendant to recover the damages he had sustained as a result of the accident. The venue was laid in Union county, the residence and domicile of the plaintiff. The defendant being a non-resident of New Jersey, service of process was made upon the secretary of state in pursuance of the provisions of chapter 232 of the laws of 1924. *Pamph. L.* 1924, *p.* 517. The provisions of section 1 of said act under which process was served are as follows: .

"1. From and after the passage of this act any chauffeur, operator, or owner of any motor vehicle, not licensed under the laws of the State of New Jersey, providing for the registration and licensing of motor vehicles, who shall accept the privilege extended to non-resident chauffeurs, operators and owners by law of driving such a motor vehicle or of having the same driven or operated in the State of New Jersey, without a New Jersey registration or license, shall by such acceptance and the operation of such automobile within the State of New Jersey, make and constitute the secretary of state of the State of New Jersey, his, her or their agent for the acceptance of process in any civil suit or proceeding by any resident of the State of New Jersey against such chauffeur, operator or the owner of such motor vehicle arising out of or by reason of any accident or collision occurring

within the state in which a motor vehicle operated by such chauffeur or operator, or such motor vehicle is involved."

The defendant interposed no defense. Judgment interlocutory was entered. A writ of inquiry directed to the sheriff of the county of Union was issued. Notice of the execution of the writ of inquiry was served upon the defendant personally at his residence in Allentown, Pennsylvania. The defendant did not appear in person or by attorney at the inquisition. The jury summoned found in favor of the plaintiff and judgment for the amount found and taxed costs was duly entered. This judgment the defendant now appeals to this court.

While the defendant has filed six grounds of appeal they merely state in different verbiage one ground for reversal, namely, that the act (chapter 232 of the laws of 1924) under which the plaintiff claims that the Supreme Court had jurisdiction over the defendant is unconstitutional, in that it deprives the defendant of his property without due process of law in contravention of the rights guaranteed to him by section 1 of the fourteenth amendment of the federal constitution, and by section 2 of article 4 of the same document.

To support the contention that the act of 1924 is unconstitutional the appellant relies upon a line of decisions in the federal courts, of which the leading case is *Pennoyer* v. *Neff*, 95 *U. S.* 714, to the effect that under section 1 of the fourteenth amendment of the federal constitution service on a non-resident by publication, or upon an agent who has not been specifically authorized to receive service for the non-resident, deprives such non-resident of property without due process of law where the court has attempted to render a personal judgment against the non-resident. We do not question the correctness of these decisions. We have recognized the soundness of the reasoning upon which they are based by following them in opinions rendered in this court, as for example, in the cases of *Blessing* v. *McLinden*, 81 *N. J. L.* 379, and *Redzina* v. *Provident Institution for Savings in Jersey City et al.*, 96 *N. J. Eq.* 346. We think, however, that in the instant case there exists a feature not existing in the line of cases mentioned which differentiates the present case from

the line of cases mentioned. This ground of differentiation is the power of the state to prohibit a non-resident from doing acts within the state dangerous to life and property, unless such non-resident consents to the exercise of jurisdiction over him in our courts in causes of action growing out of the commission of such acts within this state. In other words, it is the exercise of the police power of the state in the interest of public safety.

The use of the automobile has rapidly increased. The costly systems of improved roads, which almost every state has undertaken to build in the past few years, has been a factor in increasing the number of users of cars. There are many who seem to do nothing but tour the country from east to west and from north to south. They appear to live in their automobiles. A car is no longer deemed merely a convenience. It is in the life of to-day a necessity. With the increase in the number of automobiles upon our highways there has been a corresponding increase in the number of accidents. The automobile is an instrument highly dangerous in its use when improperly operated. A driver with a good eye, steady hand, and good judgment, calmly exercised, is necessary to insure the careful operation of an automobile. Most accidents are due to speed. The speed which a car can quickly attain also makes it relatively easy for a driver involved in an accident to make good his escape. These conditions undoubtedly prompted the legislature of this state to enact the statute under consideration to protect the persons and property of its citizens from injury caused by non-residents who operate automobiles within the state. By this legislation is a non-resident deprived of his property without due process of law? We think not. It was held in the case of *Kane* v. *New Jersey, 81 N. J. L.* 594; affirmed in 242 *U. S.* 160, that a state could, without violating the constitution of the United States, forbid a non-resident to operate an automobile within the state, unless he had authorized a state official to receive service of process in actions instituted against him which were the result of the operation of his car within the state. This decision was the result of a law enacted by this state which provided that no person, whether

a resident or non-resident, should drive an automobile upon a public highway of the state unless the automobile should have been registered under the statute, and that a non-resident owner should appoint the secretary of state his attorney upon whom process might be served in any action or legal proceeding caused by the operation of his registered motor vehicle, within this state, against such owner. The act prescribed a penalty for its violation. Kane, a resident of New York, failed to comply with the statute and was arrested in this state while driving his car from New York to Philadelphia. Kane claimed the statute invalid on the same grounds as advanced in the present case. Kane was convicted. The conviction was affirmed by the Supreme Court, this court, and the United States Supreme Court. In delivering the opinion in the United States Supreme Court, Mr. Justice Brandeis said:

"We know that ability to enforce criminal and civil penalties for transgression is an aid to securing observance of laws. And in view of the speed of the automobile and the habits of men, we cannot say that the legislature of New Jersey was unreasonable in believing that ability to establish, by legal proceedings within the state, any financial liability of non-resident owners, was essential to public safety. There is nothing to show that the requirement is unduly burdensome in practice. It is not a discrimination against non-residents, denying them equal protection of the law. On the contrary, it puts non-resident owners upon an equality with resident owners."

This case settled the proposition that a state may constitutionally forbid a non-resident from operating an automobile within the state unless he expressly authorizes an official of the state to accept service of process in suits growing out of the operation of his automobile within the state.

The statute under consideration is but another method of reaching the same result. It does not require a non-resident to expressly authorize the acceptance of process upon him by deputizing an official to act as his attorney for such purpose, but provides that if he does operate an automobile within the state this act upon his part shall be equivalent of the express

appointment under the statute declared valid in *Kane* v. *New Jersey, supra,* for service of process in actions arising in this state from the operation of his motor vehicle. It substitutes an implied consent for the express consent. Instead of requiring the non-resident to stop at the border of the state and obtain permission to enter the state, which is granted upon conditions, the non-resident is allowed to enter subject to the same conditions. It is a quicker and easier method of obtaining the result desired, namely, jurisdiction of our courts over the non-resident in actions arising out of the operation of the automobile within the state. A non-resident is presumed to know the law. He is chargeable with knowledge of the laws of a state into which he brings his automobile so far as they affect the use of his car while in the foreign state.

We think the basis of jurisdiction in the present case over the defendant, who was not a citizen of this state, not served with process within the state, and who has not expressly consented to the exercise of jurisdiction of our courts over him, rests upon the doctrine that a state may, without violating any constitutional limitation, forbid the doing of certain acts within the state unless and until the person who does the acts has consented to the jurisdiction of the courts of the state as to causes of action growing out of the doing of such acts within this state. It is within the power of a state to provide by law that the doing of such acts by a non-resident as the state can prohibit shall subject the non-resident doing them to the jurisdiction of our courts as to such actions as arise within the territorial limits of the state.

This is the same theory which has been applied to other fields of law to give a state jurisdiction in matters arising within the state. It has been quite common for a state to forbid the transaction of business by a foreign corporation within its borders unless the corporation submits to service of process upon it in a. manner fixed by statute in actions brought against it which have arisen within the state. In such cases the corporation, by doing business in the foreign state, accepts the conditions and submits itself to the jurisdiction of the courts of the state in the same manner as does

the non-resident automobile owner or operator who brings his car within the state for operation on our highways.

It is urged that such a statute as the one being considered is a hardship upon a non-resident because it requires him to come to a foreign state to defend an action which may be without merit. This argument is easily answered by saying that the burden upon the non-resident is no greater than upon the citizen of a state who has suffered an injury or damage within the state of his domicile at the hands of a non-resident automobile owner or operator and who may be obliged to go to a foreign state, as, for example, California, to institute his suit for damages for an accident which arose through the courtesy of his state in extending to a non-resident the use of its highways. Such laws as the one under consideration seem but the reasonable exercise of the rights of a state for protection of its own citizens. If non-residents feel the law harsh they can easily avoid its operation, so far as they are concerned, by refraining from operating their automobiles within the territorial limits of the states which have enacted such laws.

These views are but an amplification of the views expressed by Mr. Justice Campbell in the case of *Martin* v. *Condon,* 129 *Atl. Rep.* 738, upon a motion to set aside service of process made under chapter 232 of the laws of 1924. In the opinion in that case reference is made to the case of *Pawloski* v. *Hess,* 144 *N. E. Rep.* 760, which upholds a Massachusetts statute similar in its provisions to the act of this state.

This disposes of the single question argued, namely, whether chapter 232 of the laws of 1924 is unconstitutional.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.