## GRIMES, Admrx. v SCHAEFER

Common Pleas Court, Jefferson Co

Decided Sept. 8, 1939

Jesse K. George, Steubenville; Harold W. Murphy, Steubenville; Jack N. Berkman, Steubenville, and Herman Pieros, Steubenville, for plaintiff.

Gordon D. Kinder, Martins Ferry, and Ralph L. Miller, Wheeling, W. Va., for defendant.

### OPINION

By WEINMAN, J.

Mary Grimes, as administratrix of the estate of Harry Grimes, deceased, filed her petition in this court against the defendant, C. A. Schaefer, a resident of Wheeling, West Virginia. Personal service was not secured upon the defendant. Plaintiff seeks to recover damages against the defendant for wrongful death arising out of an automobile accident that occurred in the city of Steubenville, Jefferson County, Ohio.

To procure service upon the defendant, the plaintiff in her precipe issued summons to the sheriff of Jefferson County for service upon Earl Griffith, secretary of state of the state of Ohio, instructing the sheriff as follows:

"To deputize the sheriff of Franklin County, or some other duly authorized person for the purpose of serving a summons in this cause.

"Instruct the sheriff of Jefferson County, Ohio, to instruct the sheriff of Franklin County, Ohio, or any other person duly authorized to send the defendant, by registered mail, postage prepaid, return receipt requested, a like, true and attested copy of the summons with an endorsement thereon of the service upon the secretary of state, addressed to said defendant at his last known address, which is Wheeling, West Virginia. Said return receipt shall be attached to and made a part of the return of the service in this case."

Said summons, pursuant to said precipe, was duly served and return made to this court, and attached thereto is a return receipt from the post office department signed by Mrs. C. A. Schaefer as agent for the defendant, C. A. Schaefer.

The defendant, appearing solely for the purposes of the motion, not intending thereby to enter his appearance and disclaiming intention to appear, filed a motion to quash the summons, to set aside the service thereof and vacate the pretended return of the service of said writ, on the following grounds:

1. That the defendant is not and

never was the owner of the motor vehicle involved in the accident or collision, which is alleged and complained about in the petition in this action, and never at any time operated the same.

2. That the service of said summons and return of the service of said writ were contrary to law.

3. That this court has no jurisdiction of the person of the defendant.

In support of said motion to quash the summons, the defendant presented to the court two affidavits. One affidavit, in substance, alleges that prior to the accident complained of, Robert Hannon was employed by the defendant as a truck driver and was driving one of defendant's trucks when he had motor trouble north of Toronto, Jefferson county, Ohio. This truck, owned by the defendant, was towed for repairs to a garage in Toronto, Ohio. In order to reach his home that particular night, Robert Hannon, the driver of defendant's truck, borrowed a second hand automobile from a garage owner in Toronto, and was driving this automobile while on his way from Toronto, Ohio, to Wheeling, West Virginia, when this accident occurred.

It is undisputed that said second hand automobile was not owned, hired or rented by the defendant for the use of Robert Hannon, and that Robert Hannon did not notify the defendant that he proposed borrowing or using said automobile; that the defendant had no knowledge that he had borrowed the same, and that the defendant did not authorize him to borrow or use said automobile.

A second affidavit was filed by the defendant in support of his motion to quash summons, setting forth that he resided in the state of West Virginia and did business in said state and never has and does not now do business in Ohio, except to operate trucks in interstate commerce into said state; that he has at all times resided in the state of West Virginia; that the automobile involved in the accident alleged in the petition was not at any time owned by him; that he did not at any time hire or rent the same or borrow the same, or ask that it be loaned to him; that he has at no time authorized Robert Hannon to borrow, rent or hire said automobile or consented thereto, and that prior to said accident he had no knowledge whatever of any intention on the part of said Robert Hannon to borrow, rent or hire said automobile.

Plaintiff offered evidence by a former employee of the garage owner of Toronto to the effect that Robert Hannon talked to the defendant by telephone concerning his situation, from the garage in Toronto, after defendant's truck was towed to the Toronto garage.

The defendant claims that service upon him under §6308-1, GC, is improper. This section provides:

"Sec. 6038-1. Service of process upon nonresident owners or operators of motor vehicles.

"Sec. 1. Any nonresident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle, or of having the same operated, within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the secretary of state of the state of Ohio his, her, or their agent, for the service of process in any civil suit or proceeding instituted in the courts of the state of Ohio against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved."

The defendant claims that the service of process upon him is not such

service as is contemplated by §6308-1, GC; that the court nas not obtained jurisdiction by the service of process herein; and that the defendant was neither the owner nor the operator of the automobile in question.

Statutes similar to §6308-1 originated in the states of New Jersey and Massachusetts. Under the provisions of the first New Jersey statute, a nonresident was forbidden to operate an automobile in that state until he had appointed a state official as his attorney upon whom process might be served. This New Jersey statute was upheld by the Supreme Court of the United States in the case of Kane v New Jersey, 242 U. S., 160 (1916).

The statute of Massachusetts followed another theory. They believed that there is a basis of jurisdiction over persons not present within the state nor domiciled in, nor citizens of the state and not consenting to the exercise of jurisdiction, which may be stated in the form of a general proposition as follows: "If a state may, without violating any constitutional limitation, forbid the doing of certain kinds of acts within the state, unless and until the person doing the acts has consented to the jurisdiction of the courts of the state, as to causes of action arising out of such acts, the state may validly provide that the doing of such acts shall subject him to the jurisdiction of the courts of the state as to such causes of action "

The Massachusetts statute does not require a nonresident operating a motor vehicle within the state expressly to authorize a state official to accept service of process, but provides that the operation by a nonresident of a motor vehicle on a public way in the Commonwealth shall be deemed equivalent to an appointment by him of a public officer as his attorney upon whom may be served all lawful processes in an action against him growing out of any accident or collision in which he may be involved while operating a motor vehicle on such a public way.

This Massachusetts statute granting jurisdiction over nonresident motorists was first before the court in the case of Pawloski v Hess, 250 Mass., 22, 144 N. E., 760 (1924). The defendant moved to dismiss on the ground that jurisdiction based on service upon the registrar of motor vehicles would deprive the defendant of his property without due process of law, in violation of the 14th Amendment. The motion was denied and on appeal, the Supreme Judicial Court affirmed the order, and this same case was appealed and judgment affirmed in the case of Hess v Pawloski, 274 U. S., 352 (1927). The upper court held that this statute did not deny the defendant of his property without due process of law. (41 Harvard Law Review, 94.)

The Massachusetts statute provides a more convenient method of subjecting nonresidents to the jurisdiction of the courts of the state than does the New Jersey statute. Instead of requiring a nonresident to stop at a state boundary and obtain permission to enter the state, which is granted only upon certain conditions, he is allowed freely to enter the state subject to the same conditions. This simpler form of obtaining jurisdiction thereafter prompted the New Jersey Legislature to enact a statute like the Massachusetts statute, involved and declared valid in the case of Pawloski v Hess, supra. (Earlier cases discussed in 39 Harvard Law Review, 563.)

The attempt to explain the exercise of jurisdiction by treating it as falling within the category of consent or of presence has tended to obscure the matter and to conceal the real basis upon which the exercise of jurisdiction rests. The courts did little to clarify the problem of the foundation of jurisdiction of nonresidents. The old arguments of implied consents and no absolute power of exclusion are confused with the new basis of jurisdiction, the power of reasonable regulation.

The statute of Wisconsin in the case of State ex rel Cronkhite v Belden, 211 N. W., 916 (1927), and the New Jersey case of Pizzuti v Wuchter, 134 Atl., 727

612

(1926), have definitely adopted the theory that the defendant has, by coming within the state, subjected himself to jurisdiction based on the power of reasonable regulation.

The Ohio statute (§6308-1) was not passed until 1933. The question of the constitutionality of this statute has been presented to the lower courts of our state, and in the cases of **Ashbrook v Otto, 2 OO 534, and Palozzolo v McCord, 7 OO 159,** Judge Gorman, sitting as Common Pleas judge, determined that the provisions of §6308-1 are a valid and constitutional enactment and do not deprive such owner or operator of any right without due process of law.

The statute involved in this case is a comparatively new law dealing with an entirely new method of service. The many questions which will invariably arise, pertaining to such substitute service, have not as yet been presented to the courts of Ohio. There is only one Ohio case which can be of some assistance in determining a construction of §6308-1, GC. This case, **Donnelly v Carpenter, Executrix, 24 Abs 366,** affirmed by the Court of Appeals in 55 **Oh Ap 463, 9 OO 140,** follows a strict construction of this statute. The syllabus of this case provides:

"**Sec. 6308-1 to 6308-5, GC,** pertaining to service of process upon nonresident owners or operators of motor vehicles, being jurisdictional in character, must be strictly construed, so as to authorize service upon 'owners or operators' only. Service can not be made thereunder upon a nonresident personal representative of a deceased nonresident owner or operator."

We find the same result in the case of State ex rel Ledin v Davidson, 216 Wisc. 216; 256 N. W., 718; 96 A. L. R. 589.

"In the absence of any provision indicating an intention to make substituted service upon the personal representative of the deceased nonresident motorist, a statute will be inapplicable to an action against his personal representative."

In both of these cases the court goes on to say that the appellant, upon the mistaken theory of liberal interpretation, would have this court write into the statutes that which is not there. This we may not do. The sections must be strictly construed. The authorities are uniform in holding that §6308-1 and similar statutes providing for service upon a nonresident are highly jurisdictional in character, and, therefore, must be strictly construed in order to avoid conflict with the constitutional provision of "due process of law." (5 American Jurisprudence, Section 691, page 830; and cases cited in the dictum of **Donnelly v Carpenter, Executrix, 55 Oh Ap 463, 9 OO 140, at page 466.**)

In the case at bar, the defendant was not the owner of the motor vehicle involved in this collision; neither was the defendant, himself, the operator of this motor vehicle. §6308-1, GC is designated: "Service of process upon nonresident owners or operators of motor vehicles." The statute provides that any nonresident of this state "being the operator or owner of any motor vehicle" shall be subject to service of process in courts of this state. Nothing further is said in this section with reference to the construction to be placed upon the words "owner" or "operator". We do find, however, at the beginning of the chapter on motor vehicles, §6290, GC, these terms as defined as follows:

12. "Owner" includes any person, firm or corporation other than a manufacturer or dealer having title to a motor vehicle.

14. "Operator" includes any person who drives or operates a motor vehicle upon the public highways.

If we apply these definitions and follow a strict construction of said section, we must come to the conclusion

that the defendant is not the owner or operator of a motor vehicle, within the provisions of this section.

Plaintiff, however, contends that the truck driver was the employee of the defendant, engaged in the transaction of business for the defendant and acting within the scope of his employment at the time this accident occurred, 'and therefore the theory of agency should apply. From the facts presented, it is difficult to find any agency in this case. If we assume, however, that there was an agency relationship between the truck driver and the defendant, can the word "operate," as used in the statute, by implication be construed to include within its meaning "operate by an agent?"

The plaintiff presents the following question for determination: May a nonresident, who is neither the owner nor the personal operator of an automobile, be served with summons by the secretary of state, under §6308-1, GC, on the ground that said nonresident's agent was operating an automobile involved in an accident in the state of Ohio?

Counsel for plaintiff rely upon a statement found in 43 Harvard Law Review, 493, which reads as follows:

"Where the nonresident himself operates the vehicle, service under such a statute unquestionably confers jurisdiction. But the problem of effective regulation of public safety is hardly different when a nonresident, remaining without the state, causes a motor vehicle to be operated within the state by another. Hence, service on such a nonresident should be equally effective to confer jurisdiction."

The court has carefully examined the many citations in this Law Review article with reference to a construction of this statement. On its face it seems that it might apply to the question of agency where the defendant was not the owner of the automobile. This article was printed in 1930. and involved the construction of the New York statutes. After reading the various citations, this court does not believe that the writer intended the statement to be as broad as it at first seems. All of the cases referred to pertain to facts wherein the defendant was the owner of the automobile and the agent was operating the same. The true meaning of this statement is that service on such a nonresident should be equally effective to confer jurisdiction where he causes his motor vehicle to be operated within the state by another. This court can not find any cases in which the courts without proper statutory proceedings have secured service upon a defendant who did not own the automobile involved.

Since this article was written, the case of Wallace v Smith et al 265 N. Y. S., 253, was determined in 1933. This case construed a similar statute and held that it did not apply to a foreign corporation where the car, causing the injury, was owned and operated by its agent. This case discusses the meaning and construction of the word "operate" in our state. "Operate" as defined by the Court of Appeals in O'Tier v Sell, 252, N. Y., 400, 169 N. E. 624, is as follows:

"We have said that the word 'operate' is used throughout the statute (highway law) as signifying a personal act, in working the mechanism of a car. The driver operates the car for the owner, but the owner does not operate the car unless he drives it himself. If the meaning were extended to include an owner acting either by himself or by agents or employees, the provisions of the highway law would be replete with repetitious jargon. (Witherstine v Employers Liability Assurance Corporation, 139 N. E. 229.)

"That case clearly indicates that the word 'operate' was intended to mean a personal act. If the legislature had intended that operation with the permission of a nonresident owner of a motor vehicle on a public highway shall subject the nonresident to suit without personal service within the

614

state, it could have used apt language to indicate its purpose. It has not done so. On the contrary it has used language which excludes such construction."

Following the strict construction of these statutes and the controversies that were arising in the cases in the state of New York, New York amended its statute by adding the clause: "or the operation on a public highway of this state of a motor vehicle or motorcycle owned by a nonresident, if so **operated with his consent, express or implied.**" In the case of Lamere v Franklin, 267 N. Y. S., 310, the court said that this clause amended to the New York statute seemed to raise a presumption that a nonresident's car, when operated by an agent or employee, is operated with the owner's consent.

No amendments have been made to the Ohio statute. Any construction which would allow service of summons under facts as exist in the case at bar may bring an unjust result. A person or corporation, which is ▮▮▮ neither the owner nor operator of a car, may be called to some distant state to defend a personal injury action, on the allegation that a person operating a car in that state was doing so as the agent of the person or corporation sought to be made defendant. This is what the plaintiff is seeking to do in the case at bar. Our statute was never intended for any such purpose. To permit such a practice would result in very great injustice. Had the legislature intended such a result, it would have been a simple matter to make manifest such intention by adding the proper language to this statute.

This case of Wallace v Smith, supra, was cited in the dictum of the case of **Donnelly v Carpenter, Executrix, 55 Oh Ap 463, 9 OO 140.** The court, in speaking of the Wallace v Smith, supra, said:

"It was held that the statutes similar to ours were not sufficiently broad to include suits against principals for agents' acts when driving their own cars; for as held, use of the word 'operate' was intended to mean a personal act."

This strict construction was followed with reference to §6308, GC, in the case of Stein v Gimbel et al, 25 N. P., (N.S.), 211:

"But a motion lies to quash the service where the petition fails to allege that the plaintiff is a resident of the county in which the suit is brought, or that the defendant was the owner of the automobile which caused the injury."

This court believes that the rule of strict construction should be followed in Ohio. The word "operate," as used in the statute, should not be construed to include within its meaning, "operate by an agent." Jurisdictional statutes are not to be enlarged ▮▮▮ by implication so as to confer jurisdiction over others not enumerated in the act.

This same case, with a different person acting as administratrix, was duly removed to the District Court of the United States for the Southern District of Ohio, Eastern Division, and Judge Mel. Underwood, of said court, upon a similar motion of the defendant to quash summons filed in said court, sustained said motion without opinion.

No question has been raised by the defendant herein that the person signing the registered receipt card was not the agent of the defendant for such purposes. The burden would have been upon the defendant to show such fact. (**Ashbrook v Otto, 2 OO 534.**)

It is therefore the judgment of this court that the service of process upon the defendant herein is not such service as is contemplated by §6308-1, GC; that the court has not obtained jurisdiction by the service of process herein; and that the defendant was neither the owner nor the operator of the automobile in question. The motion to quash the summons, to set aside the service thereof and to vacate the pretended return of the service of said writ, is hereby sustained.