

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 2, 1948

Hon. Homer Garrison, Jr., Director
Department of Public Safety
Austin, Texas          Opinion No. V-593.

Re: The applicability of the
chauffeur's license re-
quirements of Article
6687b, V. C. S., to one
employed as a general
laborer and yard man who
occasionally drives his
employer's car carrying
passengers.

Dear Colonel Garrison:

We quote from your request for an opinion as
follows, in part:

". . . would a person employed as a
yard man and general laborer who occasion-
ally drives his employer's car with the em-
ployer and/or his family as passengers be
a chauffeur" (within the definition of Art.
6687b, Sec. 1 (o), V. C. S.)? (Parenthet-
ical addition ours)

Turning to Article 6687b, V. C. S., being Acts
1941, 47th Legislature, page 245, chapter 173, we find
in Section 1 (o), the following definition:

"'Chauffeur' - Every person who is
the driver for wages, compensation, or
hire, or for fare, of a motor vehicle
transporting passengers."

Section 2 of the foregoing Act reads as fol-
lows:

"No person, except those hereinafter
expressly exempted, shall drive any motor
vehicle upon a highway in this State unless
such person has a valid license as an oper-
ator, a commercial operator, or a chauffeur

under the provisions of this Act."

The question presented, then, is whether the statute requires a person to secure a chauffeur's license who drives a motor vehicle for his employer carrying passengers as an incident to the performance of his regular duties for which he is employed and compensated.

In order to resolve this issue we deem it appropriate to note the legislative history of the licensing statute in so far as it is applicable to "chauffeur", as the statutory definition has undergone substantial changes.

When first passed in 1917, as Acts 35th Legislature, chapter 207, page 475, codified in Vernon's Annotated Civil Statutes as Article 6687, a "chauffeur" was defined as:

"... one whose business or occupation is operating a motor vehicle for compensation, wages or hire. ..." (Emphasis supplied throughout this opinion)

This statute was interpreted by the Court of Criminal Appeals in Matthews v. State, 85 Tex. Crim. Rep. 469, 214 S. W. 339 (1919), as not requiring a chauffeur's license of one who drives a car as an incident to his principal duties or occupation.

This requirement was carried forward in Acts 1935, 44th Legislature, 2nd Called Session, page 1785, chapter 466, wherein a "chauffeur" was defined as:

"Every person who is employed for the principal purpose of operating a motor vehicle; and every person who drives a motor vehicle while in use for hire."

However, that definition was radically changed in 1937, by Acts 45th Legislature, page 752, chapter 369, to define a "chauffeur" as:

"Any person who operates a motor vehicle for any purpose, whole or part time, as an employee, servant, agent, or independent contractor, whether paid in salary or commission; and every person who operates a motor vehicle while such vehicle is in use for hire or lease."

Under the last definition set out above, this Department held, by former Opinion No. 0-580, that an employee who drives his employer's car as an _incident_ to his employment for which he is compensated, is required to obtain a chauffeur's license.

This opinion was quoted from at length in Maryland Casualty Co. v. Cronholm, 32 F. Supp. 375,in the Federal District Court for the Southern District of Texas, opinion by Judge Allred. It was there said:

"There are no Texas decisions construing this part of the statute, as to whether a person, employed as was Brinkley, is a 'chauffeur'. The statutory definition is, however, very broad. The test seems to be: (1) Did such person operate the motor vehicle in whole or part time employment; (2) was he at such time an employee, servant, agent, or independent contractor; and (3) was he paid for such service?

"As applied to Brinkley, each of these questions must be answered in the affirmative. He operated the truck; he was, at such time, the employee and servant of the insured; and he received pay for it. The fact that 'no part of the salary paid to him was _apportioned_ or _allocated_ as compensation for such occasional and incidental operation of said truck' does not necessarily mean that he was not paid for such service; only that a portion of his pay was not allocated expressly for the service. He was _paid_ nevertheless. Nor would the fact that he only drove the truck 'occasionally and incidentally', averaging not more than one hour per day, prevent his coming within the broad terms of the statute". (Emphasis by the Court)

In 1941, the present definition of "chauffeur" became effective, and we are now confronted with the problem of whether it includes within its scope an employee who engages in _incidental_ or _casual_ duties as a chauffeur for his employer, as was indicated by the 1937 amendment, or whether it requires that the employee's duties as a chauffeur be his _principal_ duties or occupation, as was true under the 1917 Act and the 1935 Act.

It will be observed that under the present definition we have neither the clear-cut requirement that the operator must have for his <u>principal</u> purpose the operation of a motor vehicle for hire, nor do we have the antithetic requirement in the definition that an operator who operates a motor vehicle for <u>any</u> purpose as an employee or servant for compensation or hire is included. All the present statute indicates is that a chauffeur is a "driver for wages, compensation or hire, or for fare, of a motor vehicle transporting passengers".

We think a review of the decisions in other jurisdictions, having statutory definitions of a "chauffeur" which are similar to that of the Texas statute, will prove enlightening.

In State v. Wimmer, 117 W. Va. 494, 186 S.E. 133, West Virginia Supreme Court, it was held that a field superintendent of an oil company at a stated salary, who operated his employer's car to take him around to various leases operated by his employer, and who occasionally handled things in such car that were needed on the various jobs, was <u>not</u> a chauffeur who needed a chauffeur's license within the meaning of a statute which defined "chauffeur" as including "any person who operates for hire, or who receives pay directly or indirectly to operate, any motor vehicle or tractor, or who operates a motor vehicle for the transportation of persons or property, or both, for compensation, upon the public highways". The Court said:

"Statutes of the kind under consideration must be strictly construed, and not extended by implication to persons not coming clearly within their terms. A practical construction of the statutory definition of the word 'chauffeur', . . . in view of the penalty for operating without such a license. . ., would include those who actually operate upon the highways of the state an automobile, or tractor, in which they have an interest, for hire, or who are employed to operate the automobile of another. As indicated in the definition, the fact that the vehicle is operated for or in contemplation of compensation controls. . ."

"If it had been the desire of the law-making body to require all who operate an automobile, as an incident to their regular employment to first secure a chauffeur's license it should have so provided". (Emphasis supplied)

In Des Moines Rug Cleaning Co. v. Automobile Underwriters, 215 Iowa 246, 245 N. W. 215, an action on an insurance policy involved an interpretation of a definition of "chauffeur" which said:

"Any person who operates an automobile in the transportation of persons or freight, and who receives any compensation for such services in wages, commission, or otherwise, paid directly or indirectly, or who as owner or employee operates an automobile carrying passengers or freight for hire, including drivers of hearses, ambulances, passenger cars, trucks, light delivery, and similar conveyances".

The Court held:

". . . the term 'chauffeur' as used in the statute means a paid operator or employee, that is, a person who is employed and paid by the owner of a motor vehicle to drive and attend to the car; and does not include operators who are not employed and paid for operating the motor vehicle, and therefore does not include an employee who receives his compensation for services rendered other than the operation of motor vehicles, although in performing such services he may incidentally operate a motor vehicle".

Of similar import, we cite the following cases: State v. Depew, 175 Md. 274, 1 A (2d) 627; Day v. Bush, 18 La. App. 682, 139 So. 42; Comm. v. Cooper, 19 Pa. Dist. R. 271, 37 Pa. Co. Ct. 277; 42 C. J. 743, § 219; and an excellent annotation on the subject found in 105 A. L. R. 67.

We have reached the conclusion that the determination of whether an employee is a "chauffeur" within the definition set out in Article 6687b, Section 1 (o), is a question of fact. The elements include:

(1) Was the employee driving the motor vehicle?

(2) Was the employee transporting passengers?

(3) Was the employee acting within the scope of his employment, which contemplated that the duty of driving the motor vehicle be paid for by the employer through wages or compensation for such duty?

Upon the last element, we add that the question must be determined by the facts in each individual case, which precludes us from enunciating a general rule that will govern all cases.

## SUMMARY

Article 6687b, V. C. S., applies to require any person to possess a chauffeur's license who (1) drives a motor vehicle, (2) is transporting passengers, and (3) is acting within the scope of his employment, which contemplates that the duty of driving the motor vehicle be paid for by the employer through wages or compensation for such duty.

These elements involve fact questions to be determined by the circumstances of each individual case.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Dean J. Capp
Assistant

APPROVED:

Price Daniel
ATTORNEY GENERAL.

DJC:jmc